IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-F-09-215 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 38) |
| vs. | |
| JOSE GUTIERREZ-VALENZUELA, a.k.a. Jose Humberto Valenzuela, | |
| Defendant. | |

## Introduction

Defendant Jose Gutierrez-Valenzuela, a.k.a. Jose Humberto Valenzuela ("Mr. Gutierrez") is charged in a one-count indictment with violating 8 U.S.C. §§1326(a) and (b)(2)–a deported alien found in the United States ("illegal reentry"). Mr. Gutierrez, by and through his attorney Marc Days, Assistant Federal Defendant, moves to dismiss the indictment against him, arguing that the United States of America ("government") cannot rely on his deportation order to sustain an element of the illegal reentry offense, because the deportation violated his due process rights. Mr. Gutierrez contends that his deportation was unlawful because he was: (1) denied his right to counsel during the deportation proceeding; (2) eligible for relief pursuant to Immigration and National Act ("INA") section 212(c) at the time he was deported; and (3) eligible for INA Section 212(h) relief at the time he was deported. The government, represented by Assistant United States Attorney Ian Garriques, opposes this motion, arguing that Mr. Gutierrez's collateral attack to his removal order is baseless. Having considered the parties arguments, the attachments thereto, applicable case law, and the parties' supplemental briefing, and for the following reasons, this Court DENIES Mr. Gutierrez's motion to dismiss the indictment.

# BACKGROUND

## Entry and Application for Temporary Legal Residency

Mr. Gutierrez entered the United States without inspection in 1982.

On May 2, 1988, he applied for temporary legal residency pursuant to the Immigration Reform and Control Act of 1986, INA Section 255a, codified at 8 U.S.C. §1255a. Specifically, Mr. Gutierrez submitted a Form I-687 Application for Status as a Temporary Resident. Def. Ex. B.

The United States Department of Justice Immigration and Naturalization Service ("INS")[1] acknowledged Mr. Gutierrez's application for temporary legal status in a letter. Gov. Exh. 1. The letter noted a filing date of May 4, 1988 and assigned Mr. Gutierrez an alien registration number. In addition, the letter instructed Mr. Gutierrez to appear for an interview with a legalization officer on October 13, 1988. *Id*. The letter explained that Mr. Gutierrez was granted work authorization through the date of his interview: "You are granted employment authorization which expires on October 13, 1988. You are not authorized employment beyond that date." *Id*. The letter further explains that if Mr. Gutierrez failed to appear for the interview, his application may be denied. *Id*.

In addition to the letter, on May 4, 1988, INS issued a card to Mr. Gutierrez ("temporary resident card"). Def. Exh. C. The card bears the label "temporary resident" on the upper-right side. The temporary resident card indicates that it was issued on May 4, 1988 (the day Mr. Gutierrez applied for temporary residence) and was set to expire on November 30, 1990. The card reads: "Bearer entitled to reside and work in US until card expires. Not eligible for federally funded assistance programs except as provided by PL 59 605 SEC. 245A." *Id*. Mr. Gutierrez submits that this temporary resident card as evidence that the government granted his temporary legal residency application. The government disagrees, arguing that the temporary resident card provided Mr. Gutierrez with temporary work authorization while his temporary legal application was pending, and nothing more.

On February 6, 1989, an INS examiner recommended the denial of Mr. Gutierrez's application due to his failure to prosecute his application, failure to appear for an interview after two notices, and

---

[1] Pursuant to the Homeland Security Act of 2002, INS was dissolved as an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security and its Immigration and Customs Enforcement ("ICE").

2

1  failure to provide fingerprints to process the application. Gov. Ex. 2.  On March 2, 1990, the INS sent
2  Mr. Gutierrez a notice of decision, advising him that because he failed to appear for his interview three
3  times, his application for adjustment of status was denied. Def. Exh. E.  The notice of decision informed
4  Mr. Gutierrez that he may appeal the denial by filing a notice of appeal within 30 days of the notice.  The
5  notice of decision further explained that "if a timely appeal is not submitted, all employment
6  authorization previously granted by this Service will be automatically revoked." *Id*.

7  Mr. Gutierrez filed a notice of appeal on March 29, 1990. Def. Ex. F.  On the notice of appeal,
8  Mr. Gutierrez explained that he "did not attend the interview the immigration had set up [due to] severe
9  injuries for which I had to attend physical therapy." *Id*.  The parties dispute the significance of this
10 document.  On the notice of appeal, Mr. Gutierrez checked the box indicating that the notice of appeal
11 related to an application for permanent residence.  Relying on this, he characterizes this document as an
12 application for permanent residence.  The government disputes this characterization.  The government
13 accurately points out that this is a notice of appeal, not an application for permanent residence.  In
14 addition, the government contends that the notice of appeal related to the March 2, 1990 denial of Mr.
15 Gutierrez's temporary residence application.  The government maintains that while Mr. Gutierrez
16 erroneously selected the "permanent residence" box, the notice of appeal nonetheless applied to his
17 temporary residence application.  In addition, the government argues that there is no evidence that Mr.
18 Gutierrez applied for permanent status, that he was eligible to do so, or that he possibly could have made
19 application in this manner.

20 Following the notice of appeal, the INS reopened Mr. Gutierrez's application for temporary
21 residence. Govt. Ex. 3.  On September 7, 1990, the INS sent Mr. Gutierrez a notice to appear for a
22 September 27, 1990 interview. Govt. Ex. 4.  Mr. Gutierrez's temporary legal residence application was
23 denied on October 2, 1990.  Def. Exh. B.

### Cocaine Conviction and Order to Show Cause

25 On February 4, 1994, Mr. Gutierrez was convicted in Los Angeles County Superior Court for
26 sale and transportation of cocaine base and possession of cocaine base.  He was sentenced to three years
27 imprisonment on each count, with each sentence to run concurrently. Govt. Ex. 6.

28 On April 14, 1994, the INS issued an order to show case why Mr. Gutierrez should not be

3

deported. Def. Exh. A.  The order to show cause alleged that Mr. Gutierrez had entered the United States without inspection and had thereafter been convicted of an aggravated felony as defined in 8 U.S.C. §101(a)(43).   The term "aggravated felony" includes the "illicit trafficking in a controlled substance...including a drug trafficking crime." 8 U.S.C. §101(a)(43)(B).

**Deportation Hearing**

Mr. Gutierrez appeared before an immigration judge ("IJ") on October 16, 1995.  Mr. Gutierrez characterizes the hearing as a "group deportation" hearing.  Mr. Gutierrez contends that at the hearing, he was denied the right to counsel.  In addition, Mr. Gutierrez contends that the IJ erred by not finding that he was eligible for relief from deportation pursuant to either Section 212(c) or Section 212(h).  He submits a a partial transcript of the audio recording. Def. Exh. G.

According to the audio recording, the IJ heard eleven deportation cases on that day, but addressed the merits of each case separately.  Gov. Ex. 12.  Mr. Gutierrez's deportation case was the first to be heard.  Relevant portions of the transcript read as follow:

| | | |
|---|---|---|
| IJ: | | (to group) You have the right to have a lawyer with you in these proceedings.  But the government will not give you a free lawyer for your immigration case. On the table here in front of you is a list of organizations that sometimes represent people for free.  I understand that you've already received a copy of this paper, but you may take another copy with you today if you wish.  But you are responsible for finding your own lawyer. If you wish you may speak for yourself.  You do not have to complete your hearing today.  If you wish you may come back on another day.  You may use the time to try to find a lawyer or to prepare your case.  Jose Gutierrez do you wish to have your hearing today? |
| Mr. Gutierrez: | | (translated from Spanish) I want it today. |
| IJ: | | Jose Gutierrez do you wish to represent yourself? |
| Mr. Gutierrez: | | Yes, I don't have an attorney. |
| IJ: | | (Asks other respondents same question) |
| | *** | |
| IJ: | | (To Mr. Gutierrez) Do you have any parents or grandparents who are citizens of the United States? |
| Mr. Gutierrez: | | No. |
| IJ: | | Are you a citizen of the United States? |

| | | |
|---|---|---|
| 1 | Mr. Gutierrez: | No. |
| 2 | | *** |
| 3 | IJ: | ...So Mr. Gutierrez, based upon what you've told me I find that you are deportable from the United States and I intend to order you deported. |
| 4 | | |
| 5 | Government: | Your Honor, may we ask if he has a green card? |
| 6 | IJ: | (To Government) Do you have any, do you have, uh, do you evidence that he... |
| 7 | | |
| 8 | Government: | I don't have evidence, Your Honor, apparently he claims that *inaudible* |
| 9 | IJ: | Okay, Mr. Gutierrez do you have any documents that should allow you to be a permanent resident of the United States? |
| 10 | | |
| 11 | Mr. Gutierrez: | A work permit. |
| 12 | IJ: | Okay. Well based on what you told me I find that you are deportable from the United States...Do you agree with the decision or do you wish to appeal? |
| 13 | | |
| 14 | Mr. Gutierrez: | Do an appeal. |
| 15 | IJ: | Okay do you have, Mr. Gutierrez, you have answered yes to all of my questions. I'm curious as to why you think the decision for the deportation is wrong. |
| 16 | | |
| 17 | Mr. Gutierrez: | I don't think it is wrong. I want to have a legal opinion. |
| 18 | IJ: | All right. Well then I will give you a, a, I will dictate an oral decision if you wish. But do you believe that you have some right to be in the United States? |
| 19 | | |
| 20 | Mr. Gutierrez: | I don't know. |
| 21 | IJ: | Well perhaps if I explain it to you a little more. There are, even though, how long have you lived in the United States? |
| 22 | Mr. Gutierrez: | Fourteen years. |
| 23 | IJ: | Okay. A person who has been illegally in the United States for at least seven years may apply for what is called suspension of deportation. They must show three things: first they have to be here continuously for at least that long, but secondly they must show that there would be extreme hardship if they were to be deported. Extreme hardship to themself or to a U.S. Citizen or a permanent resident. It is a technical legal term. But usually, usually it applies to a family. But the third thing that you must show is what's called good moral character. And that is a technical term under immigration law. Its not just somebody's opinion. And the immigration law says that a person who has |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

5

|   |   |   |
|---|---|---|
| | | been convicted of this crime, in fact any drug crime, other than simple possession of marijuana less than 30 grams, any other drug crime eliminates good moral character. So you can't therefore get either voluntary departure or suspension of deportation. If a drug crime occurred within the last ten years. Ten years for suspension, five years for voluntary departure. Since this crime is so recent this eliminates voluntary departure or suspension. Since you are from Mexico you cannot reasonably claim asylum for political persecution and the only other form for relief from deportation is a waiver under what is called 212(c). For that you must be a permanent resident for at least seven years, legal here. Now another reason I might terminate these proceedings is if someone may make a claim for you for U.S. Citizenship. Some people, especially from Mexico, may be citizens and not even know it, especially Mexico. Because over the last hundred years there has been so much movement back and forth. Sometimes someone can be born in the United States, go home to Mexico, have children and pass their citizenship to their children even though they don't realize it. That's why I ask if you have any parents or grandparents who are citizens of the United States. Based on what I've told you, do you think you would qualify for any of those things? |
| | Mr. Gutierrez: | No, I definitely understood. |
| | IJ: | Do you wish to accept this decision of deportation or do you wish to appeal? |
| | Mr. Gutierrez: | I accept and thank you for your time and the explanation. |
| | IJ: | No problem. My duty is to look at the case whether or not there is any eligibility for relief from deportation. There is one other possibility I just thought of. Are you married to a United States citizen? |
| | Mr. Gutierrez: | No. |
| | IJ: | Well, if you were this crime would also keep you from being able to use that relationship for an immigration visa because the only waiver for this crime, there is no waiver for this crime...Now certain other crimes can be waived if a person is married to a United States citizen. At least the possibility is there. But in your case because you have no such visa, and because you have this conviction for trafficking, even if it was simple possession of a small amount of cocaine, there can be no waiver...Okay sir I intend to order you deported, but if you wish to appeal then I will dictate an oral decision in your case and we will send this to the Board of Immigration Appeals for Review. |
| | Mr. Gutierrez: | You can proceed. |
| | IJ: | Okay does this mean that you accept the order of deportation? |

Mr. Gutierrez:       Yes.

Def. Ex. H. Mr. Gutierrez was ordered deported on October 16, 1995. Def. Exh. D.[2]

### Subsequent Criminal Charges and Illegal Reentry

On December 3, 2008, the Los Angeles Superior Court sentenced Mr. Gutierrez to sixteen months imprisonment for discharging a firearm with gross negligence, in violation of California Penal Code 246.3(a). Govt. Exh. 9. On January 14, 2009, an ICE agent interviewed Mr. Gutierrez at North Kern State Prison in the Eastern District of California. Gov. Exh. 10. In a subsequent sworn statement, Mr. Gutierrez admitted that he had not applied for permission to reenter the United States. Govt. Exh. 11. On June 11, 2009, Mr. Gutierrez was indicted in this action.

### Procedural History

Mr. Gutierrez moved to dismiss the indictment on May 13, 2011. Following a status conference, the court set a hearing in this matter on July 18, 2011. Following three stipulations to continue, this motion was reset to be heard on October 11, 2011. Thereafter, this action was reassigned to the below-signed based on the retirement of the then-presiding senior District Judge. The parties again stipulated to continue the hearing.

On November 10, 2011, this Court issued an order to vacate the hearing and to require supplemental briefing. This Court had reviewed Mr. Gutierrez's motion, the government's opposition, and Mr. Gutierrez's reply. The reply had responded to questions raised by the Court. The Court ordered the government to respond to Mr. Gutierrez's reply no later than November 18, 2011. This Court has received and reviewed the government's November 18, 2011 sur-reply. Having considered the parties' arguments, attachments thereto, and the applicable law, this Court finds that no hearing is required to resolve this motion and issues the following order.

### STANDARD OF REVIEW

Mr. Gutierrez moves to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b)(2). Mr. Gutierrez may bring a motion that the indictment fails to state an offense at any time during the pendency of the proceedings. Fed. R. Crim. P. 12(b) permits Mr. Gutierrez to raise any defense "that

---

[2] After April 1 1997, deportation and exclusion proceedings became removal proceedings.

7

the court can determine without a trial of the general issue." *Id.*; *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986). "A pretrial motion is 'capable of determination' before trial if it involves questions of law rather than fact." *Id*. "Whether an information is sufficient to charge a defendant is a particular situation is a question of law." *United States v. Linares*, 921 F.2d 841, 843 (9th Cir. 1990). Accordingly, this Court may decide whether the indictment fails as a matter of law.

"A district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings to not invade the province of the ultimate finder of fact." *United States v. Jones*, 542 F.2d, 661, 664 (9th Cir. 1976). "As the ultimate finder of fact is concerned with the general issue of guilt, a motion requiring factual determinations may be decided before trial if 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *Shortt*, 785 F.2d at 1252 (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). A "motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002); *see also United States v. Sampson*, 371 U.S. 75, 78-79 (1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense."). The "unavailability of Rule 12 in determination of general issues of guilt or innocence ... helps ensure that the respective provinces of the judge and jury are respected...." *United States v. Nukida*, 8 F.3d 665, 670 (9th Cir.1993). Accordingly, if this Court finds that there factual issues going to the guilt of the defendant, this Court must defer those issues to the ultimate fact-finder. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (a Rule 12(b) motion to dismiss is not the proper way to raise a factual defense).

### DISCUSSION

### I.     Introduction

Mr. Gutierrez is charged with a violation of 8 U.S.C. §1326(a) and (b)(2). Doc. 1. Mr. Gutierrez moves to dismiss the indictment, arguing that the government cannot rely on the underlying deportation because it violated his due process rights. "The Fifth Amendment guarantees due process in deportation hearings." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). "In a criminal prosecution under §1326,

the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). "If the defendant's deportation proceedings fail to provide this opportunity, the validity of the deportation may be collaterally attacked in the criminal proceedings." *Id*. "The defendant can succeed in this collateral challenge only if he is able to demonstrate that: (1) his due process rights were violated by the defects in his underlying deportation proceedings, and (2) he suffered prejudice as a result of the defects." *Id*.

Mr. Gutierrez argues that his due process rights were violated in the deportation proceeding, because he was denied his right to counsel and the IJ failed to advise Mr. Gutierrez of potential grounds for relief from deportation. Moreover, Mr. Gutierrez contends that he was eligible for relief pursuant to Section 212(c) and Section 212(h). The Court considers each of Mr. Gutierrez's arguments in turn.

## II. Alleged Due Process Violations

### A. Whether the IJ Violated Mr. Gutierrez's Right to Counsel

Mr. Gutierrez argues that the evidence demonstrates that he was denied counsel at his deportation hearing, which deprived him of his due process right and rendered his underlying deportation invalid. "Although there is no Sixth Amendment right to counsel in an immigration hearing, Congress has recognized it among the rights stemming from the Fifth Amendment guarantee of due process that adhere to individuals that are subject to removal proceedings." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); 8 U.S.C. §1362 (an alien has the right to representation by counsel at no expense to the government).

"Although IJs may not be required to undertake Herculean efforts to afford the right to counsel, at a minimum they must (1) inquire whether the petitioner wishes counsel (2) determine a reasonable period for obtaining counsel, and (3) assess whether any waiver of counsel is knowing and voluntary." *Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005). "In order for a waiver [of an attorney] to be valid, an IJ must generally: (1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir. 2008).

In the deportation proceeding, the IJ explained to a group of people the process of the proceeding, the right to counsel at no expense to the government, advised that there was a list of attorneys available

who may provide pro bono legal services, and that each person could continue the hearing to engage an attorney to represent them or to prepare their case. Then IJ then asked each person individually whether they wanted to represent him- or herself and whether he or she wanted to proceeding with the hearing. The relevant portion of the transcribed transcript reads:

| | |
|---|---|
| IJ: | (to group) You have the right to have a lawyer with you in these proceedings. But the government will not give you a free lawyer for your immigration case. On the table here in front of you is a list of organizations that sometimes represent people for free. I understand that you've already received a copy of this paper, but you may take another copy with you today if you wish. But you are responsible for finding your own lawyer. If you wish you may speak for yourself. You do not have to complete your hearing today. If you wish you may come back on another day. You may use the time to try to find a lawyer or to prepare your case. |
| | (To Mr. Gutierrez) Jose Gutierrez do you wish to have your hearing today? |
| Mr. Gutierrez: | (translated from Spanish) I want it today. |
| IJ: | Jose Gutierrez do you wish to represent yourself? |
| Mr. Gutierrez: | Yes, I don't have an attorney. |

Mr. Gutierrez argues that the record demonstrates that the IJ failed to obtain an express statement from him that he waived his right to counsel, because he "provided a long statement to a group of aliens" but did not address him directly. Mr. Gutierrez's challenge fails in law and in fact. As to the law, an IJ may direct questions related to the waiver of counsel to a group of aliens at a deportation proceeding so long as the IJ's group inquiry elicits a waiver of counsel from each member of the group individually. *See U.S. v. Barraza-Leon*, 575 F.2d 218, 220-21 (9th Cir. 1978) (deportation hearings that include multiple respondents do not "automatically transgress the bounds of due process"). When inquiring a waiver of counsel to a group, the IJ must elicit a voluntary and intelligent waiver from each individual. *See U.S. v. Ahumada-Aguilar*, 295 F.3d 943, 948-49 (9th Cir. 2002). Thus, the IJ's instruction to the group, coupled with his individual colloquy to Mr. Guitierrez was proper. As to the facts, the transcript of the hearing makes clear that although the IJ explained the right to counsel to the group, he engaged Mr. Guiterrez individually and asked him whether he wanted to proceed or whether he wanted to waive his right to an attorney. Based on these facts, Mr. Gutierrez was not denied due process based on the IJ's explanation of the right to counsel to the group, because the IJ properly elicited a waiver from each

individual.

Next, Mr. Gutierrez argues that the IJ failed to obtain an express statement that he waived his right to counsel. Due process requires the IJ to "(1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." Mendoza-Mazariegos v. Mukasey, 509 F.3d 1074, 1080 (9th Cir. 2007). Here, the IJ specifically asked Mr. Gutierrez whether he wishes to proceed and, if so, whether he wanted to represent himself. Mr. Gutierrez affirmatively responded to both questions. Prior to asking these questions, the IJ explained to Mr. Gutierrez his options, which included obtaining an attorney at his expense, obtaining an attorney from the list of attorneys who sometimes provide free legal services, continuing the hearing to allow time to prepare his case or to find an attorney, represent himself, or proceeding with the hearing immediately. After this full explanation, the IJ asked Mr. Gutierrez specifically whether he wanted to proceed with the hearing and whether he wanted to represent himself. To each of these questions, Mr. Gutierrez responded affirmatively. As to whether or not Mr. Gutierrez wanted to represent himself, Mr. Gutierrez responded: "Yes, I do not have an attorney." In addition, prior to the hearing, the IJ made sure that a list of attorneys was provided to each respondent at the hearing. Govt. Ex. 12. Moreover, prior to the hearing, Mr. Gutierrez signed a notification of conditions of release or detention, which apprised him of his right to seek an attorney prior to his deportation hearing. Govt. Ex. 7. The Court finds under these circumstances, and based on the record, that Mr. Gutierrez made a knowing and voluntary waiver of his right to an attorney. Accordingly, no due process violation occurred and Mr. Gutierrez's motion to dismiss is denied on these grounds.

### B. Whether the IJ Erred by Denying Mr. Gutierrez Section 212(c) Relief

Mr. Gutierrez argues that the IJ erred in his analysis of whether Mr. Gutierrez was eligible for section 212(c) relief. Mr. Gutierrez's argument is based on a misunderstanding of fact and law. Accordingly, and for the following reasons, this Court denies Mr. Gutierrez's motion to dismiss.

In 1995, Section 212(c) granted the Attorney General discretion to waive excludability of certain lawful permanent residents in deportation hearings. INA §212(c), 8 U.S.C. §1182(c) (1995). To qualify for Section 212(c) relief, Mr. Gutierrez must: (1) have been a legal permanent resident; (2) have demonstrated seven consecutive years of unreliquished domicile in the United States; and (3) not have

11

1  been convicted of an aggravated felony for which he served five years imprisonment. See *Id*.

2        The IJ properly concluded that Mr. Gutierrez did not qualify for Section 212(c) relief. The IJ

3  reasoned:

> A person who has been illegally in the United States for at least seven years may apply for what is called suspension of deportation. They must show three things: first they have to be here continuously for at least that long, but secondly they must show that there would be extreme hardship if they were to be deported. Extreme hardship to themself or to a U.S. Citizen or a permanent resident. It is a technical legal term. But usually, usually it applies to a family. But the third thing that you must show is what's called good moral character. And that is a technical term under immigration law. Its not just somebody's opinion. And the immigration law says that a person who has been convicted of this crime, in fact any drug crime, other than simple possession of marijuana less than 30 grams, any other drug crime eliminates good moral character. So you can't therefore get either voluntary departure or suspension of deportation. If a drug crime occurred within the last ten years. Ten years for suspension, five years for voluntary departure. Since this crime is so recent this eliminates voluntary departure or suspension. Since you are from Mexico you cannot reasonably claim asylum for political persecution and the only other form for relief from deportation is a waiver under what is called 212(c). For that you must be a permanent resident for at least seven years, legal here.

Among other things, the IJ concluded that Mr. Gutierrez did not qualify for Section 212(c) relief because he was not a legal permanent resident.

      Based on the record, this Court agrees that Mr. Gutierrez was not a legal permanent resident at the time of the deportation hearing. Mr. Gutierrez applied for legal *temporary* status in May 1988. The INS issued him a *temporary* resident card in May 1988, which expired no later than November 1990. On March 2, 1990, Mr. Gutierrez's application for *temporary* residence was denied, for failure to prosecute and failure to appear to his interview. Mr. Gutierrez appealed the denial of his *temporary* residence application, explaining that he did not attend the interview because he was recovering from injuries. The INS reopened Mr. Gutierrez's application for *temporary* residence and sent him a notice to appear for a September 27, 1990 interview. Mr. Gutierrez's *temporary* legal residence application was denied on October 2, 1990. There is no evidence that Mr. Gutierrez applied for, qualified for, or was ever granted legal *permanent* residence in the United States.

      Mr. Gutierrez's argument that Mr. Gutierrez qualified for Section 212(c) relief stretches facts from the existing record beyond recognition and stretches the law beyond its letter. Relying on the temporary status card, Mr. Gutierrez argues that he became a temporary legal resident of the United States. This position ignores that Mr. Gutierrez's temporary status card was not an approval of his

application and expired in 1990. In addition, the INS documentation made clear that Mr. Gutierrez was required to submit to an interview and establish his eligibility to be granted temporary legal residence. The record establishes that Mr. Gutierrez failed to do so. Based on these stretched facts, Mr. Gutierrez then argues that he became a legal permanent resident by operation of law, pursuant to 8 U.S.C. §1255a. Mr. Gutierrez's novel claim, unsupported by legal authority, ignores the requirement of 8 U.S.C. §12455a(b)(1)(A); to wit, that an alien submit a timely application within a certain time after the alien was granted temporary residence status. There is no evidence to establish that Mr. Gutierrez ever filed an application for legal permanent residence and the evidence presented conclusively establishes that Mr. Gutierrez was denied temporary legal status. Mr. Gutierrez's reliance on the temporary residence card to establish that he was granted temporary residence is misplaced, considering the context in which it was given, including the interview date and the expiration date of the card. Similarly, Mr. Gutierrez erroneously relies on his own mistake in the notice of appeal of the denial of his temporary residence application to claim that he applied for legal permanent residence. The document was clearly a notice of appeal, not an application for legal permanent residence. To represent otherwise is a clear and disappointing misrepresentation to this Court. In addition, that appeal was connected to his temporary residence application, based on the explanation within that notice of appeal, wherein Mr. Gutierrez describes why he failed to appear for the interviews scheduled for his temporary residence application. Based on the evidence presented, this Court is left with no doubt that Mr. Gutierrez never applied for legal permanent residence and was never granted temporary legal residence. Accordingly, the IJ did not err to find that Mr. Gutierrez did not qualify for Section 212(c) relief.[3]

Moreover, the IJ had no notice that Mr. Gutierrez was claiming to be a lawful permanent resident. The IJ asked Mr. Gutierrez whether he had a green card. Mr. Gutierrez did not respond

---

[3] Mr. Gutierrez also fails to establish that he would meet the other requirements for adjustment of status to legal permanent residence. Mr. Gutierrez further argues that he was a legal permanent residence as a matter of law because he resided continuously in the United States since 1982. Mr. Gutierrez has failed to establish continuous presence in this proceeding. According to the record, the INS denied Mr. Gutierrez's temporary legal status based on his failure to establish continuous presence since 1982. The addresses that Mr. Gutierrez included on his application conflicted with addresses he gave subsequently in his interview and in response to orders to provide further evidence. Govt. Exh. 5. Moreover, Mr. Gutierrez's 1994 felony conviction for possession of cocaine base further bars his claim to lawful permanent residence. 8 U.S.C. §1255a(b)(1)(C)(ii).

affirmatively that he had a green card. Instead, he offered that he had a work permit. "IJs are not expected to be clairvoyant; the record before them must fairly raise the issue" of whether an alien is eligible for relief. *Moran-Enriquez v. Immigration & Naturalization Service*, 884 F.2d 420, 422 (9th Cir. 1989). Here, the IJ clearly explained to Mr. Gutierrez that he was ineligible because he was not a legal permanent residence. Moreover, the IJ asked Mr. Gutierrez more than once whether there was any reason why he would be eligible or whether he disagreed with the IJ's reasoning. Mr. Gutierrez never offered that he was a legal permanent resident, despite a directed question on this issue. And when asked whether he thought he was eligible for such relief, Mr. Gutierrez responded "no." Based on this record, Mr. Gutierrez never raised the issue of whether he was a legal permanent residence. The IJ therefore did not deny Mr. Gutierrez due process by finding him ineligible for Section 212(c) relief. Accordingly, Mr. Gutierrez's motion to dismiss is denied on these grounds.

### C.     Whether the IJ Erred in Denying Section 212(h) relief

Next, Mr. Gutierrez argues that the deportation proceeding violated his due process rights because the IJ failed to advise him of potential grounds for removal pursuant to Section 212(h). When the record at a deportation hearing contains an inference that Section 212(h) relief is available, an IJ must advise the alien of the potential ground of relief from removal. *United States v. Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001). Failure to inform an alien of potential available relief "is a denial of due process that invalidates the underlying deportation." *Id*.

Mr. Gutierrez submits that he was eligible for discretionary waiver from deportation pursuant to Section 212(h) and that he was denied due process by the IJ's failure to inform him of the potential grounds for relief. Pursuant to Section 212(h), 8 U.S.C. §1182(h), deportation may be waived:

> in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it established...that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully residence spouse, parent, son, or daughter of such alien.

*Muro-Inclan*, 249 F.3d at 1184. Mr. Gutierrez argues that because he had two United States citizen sons at the time of his deportation, he qualified for Section 212(h) relief.

Mr. Gutierrez's position ignores the plain language of Section 212(h), which makes clear that it provides the possibility of a waiver of deportation based on a controlled substance offense "insofar

as it relates to a single offense of a simple possession of 30 grams or less of marijuana." *Id*. Mr. Gutierrez had been convicted of sale, trafficking and possession of cocaine base, a controlled substance offense as described in Section 212(a)(1)(A)(i)(II) and Section 212(a)(2)(c). Because Mr. Gutierrez's controlled substance offense did not pertain to a "simple posses of 30 grams or less of marijuana," and instead included a controlled substance trafficking conviction, he was ineligible for Section 212(h) relief as a matter of law. Moreover, Mr. Gutierrez's cocaine convictions were discussed at the deportation hearing and the government submitted the record of his conviction to the IJ as evidence. Because the IJ was aware that Mr. Gutierrez was convicted of the cocaine trafficking offense, the IJ did not err by failing to inform Mr. Gutierrez that he was eligible for Section 212(h) relief. In addition, the record establishes that the IJ did consider the possibility of Section 212(h) relief, but rejected it as a possibility. The IJ explained:

> But in your case because you have no such visa, and because you have this conviction for trafficking, even if it was simple possession of a small amount of cocaine, there can be no waiver...

Mr. Gutierrez's cocaine convictions precluded Section 212(h) relief as a matter of law. Accordingly, the IJ did not deny Mr. Gutierrez his due process rights by failing to find that he was eligible for Section 212(h) relief.[4]

### III. Prejudice

To dismiss the indictment, Mr. Gutierrez must demonstrate both a due process violation and prejudice. *Arrieta*, 224 F.3d at 1079. Mr. Gutierrez "need not conclusively demonstrate that he would have received relief to show prejudice, [but] he must show that there were 'plausible grounds for relief.'" *Moriel-Luna*, 585 F.3d at 1196 (quoting *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003)).

As explained more fully above, Mr. Gutierrez failed to establish that the IJ violated his due process rights. The IJ properly elicited a knowing and voluntary waiver of his right to counsel. In addition, Mr. Gutierrez failed to establish that he had plausible grounds for relief pursuant to either

---

[4] Because Mr. Gutierrez was ineligible for Section 212(h) relief as a matter of law, this Court does not address the remainder of Mr. Gutierrez's arguments related to Section 212(h) or the government's well-supported oppositions thereto.

1  Section 212(c) or 212(h). Because there was no due process violation, this Court does not reach the
2  question of prejudice.[5]

### CONCLUSION AND ORDER

For the foregoing reasons, this Court ORDERS as follows:

1. Mr. Gutierrez's motion to dismiss the indictment is DENIED;
2. Due to the pending motion, time is EXCLUDED from May 13, 2011 (the date the motion was filed) until November 22, 2011 (the date of this order);
3. A status conference and trial-setting conference is SET for Monday, November 28, 2011 at 1:00 p.m. in Courtroom 4 (LJO).[6]

IT IS SO ORDERED.

**Dated:   November 22, 2011**            /s/ Lawrence J. O'Neill
                                                               UNITED STATES DISTRICT JUDGE

---

[5] This Court notes, however, that while he argues that he was eligible for Section 212(h) based on "extreme hardship," Mr. Gutierrez's motion ignores the second requirement that he must also establish prejudice.

[6] This case was indicted on June 11, 2009, some two and one-half years ago. The trial will be set for either January or February 2012. No further delays will be permitted.