# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSE GUTIERREZ-VALENZULA,<br><br>    Defendants. | CASE NO. CR F 09-0215 LJO<br><br>**MOTIONS IN LIMINE ORDER**<br><br>**Jury Trial:** Date: March 6, 2012<br>Time: 8:30 a.m.<br>Dept.: 4 (LJO) |

The Court has received and reviewed both parties' motions and responses thereto.  The papers are clear and concise, leaving no need for oral argument to clarify the various positions.

DEFENSE MOTION

The defense moves, pre trial, to preclude fingerprint expert Corey E. Schroeder based on the proposition that fingerprint testimony is "not scientifically valid", and that Mr. Schroeder is not qualified to testify in this area of expertise.  A hearing outside of the presence of the jury is requested pursuant to the analysis in Daubert v Merrell Dow Pharmaceuticals, Inc.  509 U.S. 579 (1993).

RULING:  The pre trial motion is denied.  The Court in United States v Patrick Crisp 324 F.3d 261 (4th Circuit 2003) quoted Piquett v United States, 81 F.2d 75, 81 in holding that fingerprint analysis has long been recognized by the courts as sound methods for making reliable identifications (324 F.3d,

1

at 265). Defense herein provides no reason to hold that the century-old general acceptance of the principles dealing with identification through fingerprint analysis is improper, unreliable or irrelevent.

The Defense may deal with the witness' qualifications to testify either by voir dire of the witness before he testifies to opinions, or through cross-examination. If done, either or both will be in front of the jury. To do otherwise is a waste of judicial resources.

## GOVERNMENT MOTIONS

1. To admit the conviction of discharging a firearm with gross negligence in violation of California Penal Code section 246.3(a) in December of 2003 for impeachment purposes, should the defendant take the witness stand to testify.

RULING: Granted. No objection stated.

2. To admit the conviction of sale/transportation/offer to sell a controlled substance, and Possession for sale of cocaine base in violation of California Health and Safety code sections 11352(a) and 11351.5 in Februray of 1994 for which the defendant was sentenced to 3 years imprisonment.

RULING: Offered for impeachment purposes, the defense objects on FRE grounds puruant to sections 609(b) and 403. While the conviction is coming into evidence as a necessary part of proving the charges alleged in the Indictment in any event, and the Court finds no reason to bifurcate the elements of the charged crime during the proof portion of the trial, the 18 year old conviction for impeachment purposes will be precluded. For other proof purposes, it will be admissible.

3. To admit the possession of cocaine conviction, a violation of California Health and Safety section 11350(1) in February 1994. Defense objects pursuant to FRE sections 609(b) and 403. The conviction is 18 years old.

RULING: This motion is denied, and the conviction will be precluded.

N.B. As to the rulings in #2 and #3 above, should the Defendant take the stand and open the door with testimony of crime free living, this ruling may be revisited for impeachment purposes.

## DOCUMENT ADMISSIBILITY ISSUES

1 and 2. Records of Conviction (but see the limitations on motions one and two above).

RULING: Admitted pursuant to FRE rules 609, 803(22), and 1005. The rule 403 objection is overruled, after weighing and balancing the alleged prejudicial nature. The probative value far

outweighs the prejudicial effect.

    3. Record of Conviction (case NA016693)

    RULING: Denied admission for the reasons stated in ruling #3, above.

    4 and 5. Order of Immigration Judge and Warrant of Deportation.

    RULING: Grant admission. No objection stated.

    6 and 7. Record of Deportable/Inadmissible Alien; Record of Sworn Statement.

    RULING: Grant admission pursuant to FRE sections 801(d), 803(6 and 8), and 902(4). The defense objection is overruled in that the case of *Melendez-Diaz v Massachusetts,* 557 U.S. 305 (2008), has no application. The court in *Crawford v Washington,* 541 U.S. 36 (2004), described the class of testimonial statements covered by the Confrontation Clause at pages 51-52 of the opinion. The Melendez-Diaz Court relied on the Crawford holding. The documents at issue in this case do not fall within the "core class of testimonial statements" therein described. The 9th Circuit opinion in United States v Valdovinos-Mendez 641 F.3d 1031 (2011) is on point.

    MISCELANEOUS MOTIONS BY GOVERNMENT TO PRECLUDE (not addressed above) (None of these preclusion motions has been objected to by the Defense):

    --belief by the defendant that he had permission to reenter

    --defendant's reasons for reentering

    --prior residency by defendant

    --defendant's health, age, finances, education and/or potential punishment

    --evidence of duress or necessity

    --marginal derivative citizenship

    RULING: All motions to preclude are granted, except that the Defendant, if he testifies, will be allowed to discuss his age and education if he wishes.

    These matters are simply background issues that all witnesses are allowed to address.

IT IS SO ORDERED.

**Dated:   February 23, 2012**             /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE